**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE, et. al,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 3:12-CV-2371-L-BH** |
| | ) | |
| **PEF CAPITAL PROPERTIES, LLC,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, the claims of Angela Lawrence should be **DISMISSED** without prejudice.

**I. BACKGROUND**

On July 16, 2012, Paul Martinez Bey (Plaintiff) filed a pro se complaint against the defendants.  Although he listed Angela Lawrence as a plaintiff, only Plaintiff signed the complaint.  By order dated July 17, 2012, he was advised that he may not bring this *pro se* case on behalf of Ms. Lawrence, and that she must either submit her own signed complaint, or they could both sign and submit a joint amended complaint within 30 days. (*See* doc. 6.)  A copy of the complaint was enclosed for their convenience.  *Id.*  The order also advised Plaintiff that his application for leave to proceed *in forma pauperis* was not complete, and that Ms. Lawrence was also required to submit her own application if she wished to proceed *in forma pauperis*.  *Id.*  The order specifically warned that failure to comply could result in dismissal of the parties' claims.

On August 8, 2012, both Plaintiff and Ms. Lawrence submitted separate applications to proceed *in forma pauperis*, but they did not submit a jointly signed complaint, and Ms. Lawrence did not submit her own complaint.  On August 9, 2012, Plaintiff's application to proceed *in forma pauperis* was granted, and service was ordered for his claims only.  (*See* doc. 9.)  A second order

issued notifying the plaintiffs that only Plaintiff's claims could proceed under the complaint as filed, and that Ms. Lawrence must submit her own signed complaint or a copy of the current complaint with her signature within ten days if she wished to proceed with her claims. (*See* doc. 12.)  The order specifically provided that if she did not comply with the order, dismissal of her claims would be recommended. *Id.*  More than ten days have passed, but Ms. Lawrence has not filed her own complaint under her own signature, and the plaintiffs have not filed a joint amended complaint that has been signed by both.

## II.  ANALYSIS

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C.A. § 1654.  Rule 11 of the Federal Rules of Civil Procedure requires that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party.  "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however.  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By orders issued July 17, 2012 and August 8, 2012, the plaintiffs were advised that Plaintiff could not proceed with this action on behalf of Ms. Lawrence, and that dismissal of her claims would be recommended if she did not timely file a complaint with her signature, or if they did not jointly file an amended complaint that was signed by both. (*See* doc. 7).  Ms. Nicholson has not filed her own complaint, and the plaintiffs have not filed a joint amended complaint signed by both. Because she has not shown that she intends to prosecute her own claims in this case, and Plaintiff

may not prosecute the complaint on her behalf, her claims are subject to dismissal.

## III. CONCLUSION

The claims of Angela Lawrence should be dismissed without prejudice, unless she files a

complaint under her own signature within the time for objecting to this recommendation.

**SO RECOMMENDED on this 27th day of August, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE