IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL MARTINEZ BEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2371-L (BH)** |
| | § | |
| PEF CAPITAL PROPERTIES, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On September 20, 2012, Defendants filed a Rule 12(b)(6) Motion to Dismiss. Before ruling on Defendants' Rule 12(b)(6) Motion to Dismiss, the court ***sua sponte* moves** for dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing. Specifically, after reviewing Plaintiff Paul Martinez Bey's ("Bey")[1] pleadings, the court believes that he lacks standing to bring any of the claims alleged against Defendant PEF Capital Properties, LLC ("PEF") in this case.

**I.     Procedural and Factual Background**

Bey, who is proceeding *pro se*, brought this action on July 16, 2012, against Defendant PEF Capital Properties, LLC ("PEF"). As best as the court can ascertain from Bey's Complaint, he is alleging claims under 15 U.S.C. § 1692 applicable to debt collection, wrongful or fraudulent foreclosure and eviction, fraudulent concealment or misrepresentations in connection with the foreclosure of a federal mortgage, violations of the "Helping Families Save Their Homes Act of 2009," and specifically Title VII of such Act known as the "Protecting Tenants from Act of 2009,

---

[1] The claims asserted by Angela Lawrence were previously dismissed without prejudice on September 18, 2012 (Doc. 15).

**Memorandum Opinion and Order – Page 1**

unspecified alleged violations of civil rights and equal protection rights under 42 U.S.C. § 1983, and alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1981.

According to Bey's Complaint, PEF managed the property at issue before and after the property was foreclosed on and Bey was evicted.  The essence of Bey's claims is that he was forced to appear before a justice of the peace in which eviction proceedings were brought in violation of his state and federal constitutional rights and that he was deprived of the opportunity to purchase the property at issue.  Bey contends that PEF has claimed ownership in the property at issue, but it has failed to come forward with any proof or evidence in response to Bey's requests to prove that the property was assigned or sold by Wells Fargo to PEF.  Without such proof, Bey contends that PEF was not entitled to foreclose on the property.

For the same reason, Bey contends that he was denied due process under the Fifth and Fourth Amendments because he was never given the opportunity to live peaceably in and purchase the property as promised.  It is unclear from Bey's Complaint, but it appears that he contends that before the property was allegedly transferred to PEF, the prior owner of the property represented that he would be given an opportunity to purchase it, and because he was not provided with such an opportunity, the foreclosure and eviction were wrongful.

With regard to his fraud claims, Bey clarifies that they are based on his contention that he sent, by certified mail, a lawful notification letter to PEF and PEF's counsel, requesting certain information regarding its alleged ownership of the property, and PEF has failed to respond.  Bey contends that PEF's failure to respond or silence can only be equated with fraudulent concealment.

On September 20, 2012, PEF moved to dismiss all of Bey's claims, except the debt collection claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). PEF contends in its motion to dismiss that there has been no foreclosure sale of the property at issue and that it received its assignment of the interest in the property through a court order, not a foreclosure sale. PEF therefore asserts, among other things, that Bey is improperly attempting to assert due process or civil rights violations in connection with his tenancy in the subject property. PEF also maintains that it is not a state actor or governmental entity and Plaintiff has made no allegations in this regard.

## II.     Law Applicable to Standing

The doctrine of standing "has its origins in both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319 (5th Cir. 1999) (internal quotations omitted). Standing "focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated" and deals with "the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues." *Id*. at 869 (citation omitted). As a general rule, standing must exist at the time an action is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.4 (1992); *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000).

To establish standing, a plaintiff must satisfy constitutional and prudential requirements for standing. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). For constitutional standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir.2009). Thus, to satisfy the three requirements of Article III standing, Bey must allege an injury in fact that

is fairly traceable to PEF's conduct and likely to be redressed by a favorable ruling. *Lujan*, 504 U.S. at 560-61.

Constitutional standing affects the court's jurisdiction under Article III of the Constitution to hear a case. *Allen v. Wright*, 468 U.S. 737, 750 (1984) (concluding that Article III of the Constitution "confines the federal courts to adjudicating actual cases and controversies.") (internal quotations omitted). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*."). Jurisdictional questions are questions of law. *Pederson*, 213 F.3d at 869.

Prudential standing requirements address:

[(1)] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [(2)] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and [(3)] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotations and citations omitted). Issues regarding Article III standing or constitutional standing are properly addressed under Rule 12(b)(1), whereas prudential or statutory standing issues are addressed under Rule 12(b)(6). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

### III.  Discussion

Bey does not allege that he owned or purchased the property; rather, he contends that he was deprived of the opportunity to purchase the property from the owner before it was assigned to PEF

and allegedly foreclosed on with eviction proceedings being instituted against him. Bey therefore acknowledges that he was a tenant who presumably occupied the property, not the homeowner.

As a result, his only alleged right in the property would be that of a mere tenant. It is unclear from his pleadings whether Bey was a tenant pursuant to a lease or whether he was a tenant at will or sufferance. Regardless, he lacks standing as a mere tenant and nonowner to assert any claim to contest the foreclosure, sale, or assignment of the property, or to assert fraud claims based on PEF's alleged failure to respond to his demands for proof of ownership in the property. For the same reason, Bey lacks standing to contest his eviction from the property on the grounds that PEF is not the true owner of the property, and he has alleged no other facts, that if proven, would establish that his eviction was wrongful.

Similarly, as a tenant, he is not a proper party and does not have standing to assert a claim based on the Helping Families Save Their Homes Act of 2009 because the purpose of the Act is to assist homeowners by providing them with an alternative to foreclosure. *See* Pub.L. No. 111-22, § 103, 123 Stat. 1632, 1636 (2009). Thus, Bey does not fall within the zone of interests protected by the statute. The court has also been unable to locate any authority that has concluded that this Act provides a private cause of action or remedies to enforce this Act. Courts have held that similar legislation pertaining to the Home Affordable Modification Program does not create a private right of action. *Geske v. Wells Fargo Bank, Nat'l Ass'n*, 3:11-CV-3337-L, 2012 WL 1231835, at *6 (N.D. Tex. Apr. 12, 2012); *Pennington v. HSBC Bank USA, Nat'l Ass'n*, No. A-10-CA-785 LY, 2011 WL 6739609, at *5 (W.D. Tex. Dec. 22, 2011); *Bourdelais v. J.P. Morgan Chase*, No. 3:10-CV-670 HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr.1, 2011) (citing cases).

Moreover, even assuming, as Bey alleges, that he was told he would be given an opportunity to purchase the property, he does not allege that PEF is the entity that made such a representation or that he detrimentally relied on such a representation.[2]  Thus, there is no causal link between the alleged representation or promise and PEF's actions, and any alleged injury suffered by Bey is not traceable to PEF.  Finally, he alleges no facts whatsoever regarding his debt collection claim against PEF to establish that he has standing to bring such a claim.  Accordingly, Bey's pleadings do not satisfy the requirements for either constitutional or prudential standing.

## IV.    Conclusion

For the reasons herein stated, the court *sua sponte* **moves** for dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing. Bey **shall** file a response to the court's *sua sponte* motion for dismissal by **May 13, 2013**.  PEF shall not file a reply unless directed to do so by the court.  Once Bey files his response, the court will decide whether this action should be dismissed.  Failure to respond to the court's *sua sponte* motion as ordered will result in dismissal of Bey's claims and this action without prejudice pursuant to Rule 12(b)(1) or with prejudice pursuant to 12(b)(6).

**It is so ordered** this 23rd day of April, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[2]  The elements of fraud under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).