IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAUL MARTINEZ BEY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2371-L** |
| | § | |
| **PEF CAPITAL PROPERTIES, LLC,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 16), filed September 20, 2012, and the court's April 23, 2013 *sua sponte* motion to dismiss (Doc. 20) the claims by Plaintiff Paul Martinez Bey ("Bey")[1] against Defendant PEF Capital Properties, LLC ("PEF" or "Defendant") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing and failure to state a claim upon which relief can be granted. On May 13, 2013, Bey filed a response to the court's *sua sponte* motion as directed by the court.

After carefully reviewing Defendant's motion, Bey's response to Defendant's motion and the court's motion, briefing by the parties, pleadings, and applicable law, the court, pursuant to Federal Rules of Civil Procedure 12(b)(6), **grants in part and denies in part** the court's April 23, 2013 *sua sponte* motion to dismiss (Doc. 20). The court's motion is **granted** as to following claims by Bey for lack of prudential standing: wrongful debt collection, wrongful or fraudulent foreclosure and eviction, fraudulent concealment or misrepresentations in connection with the foreclosure of a federal mortgage, unspecified alleged violations of civil rights and equal protection rights under 42

---

[1] The claims asserted by Angela Lawrence were previously dismissed without prejudice on September 18, 2012 (Doc. 15).

**Memorandum Opinion and Order – Page 1**

U.S.C. § 1983, and alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1981. Because the "Protecting Tenants at Foreclosure Act of 2009" does not create a private right of action, Bey's claim based on alleged violations of this statute also fails as a matter of law. Accordingly, the aforementioned claims are **dismissed with prejudice**. The court's motion is **denied** as to Bey's only remaining claim for fraud, which is based on his contention that he was not given an opportunity to purchase the property at issue in accordance with PEF's alleged representation that he would be given such an opportunity.

Although Bey's remaining fraud claim survives the court's *sua sponte* motion for dismissal under Rules 12(b)(1) and 12(b)(6), the court determines that this claim, as pleaded, fails for other reasons. Even taking Bey's pleadings and the matters asserted in his response (Doc. 21) as true, Defendant is correct that Bey has failed to state a claim upon which relief can be granted for fraud as alleged because his pleadings as to this claim do not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. The court will nevertheless permit Bey to file an amended pleading as to this claim that states with particularity the circumstances constituting the alleged fraud and satisfies Rule 9(b). The court therefore **denies without prejudice** Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 16) as to this fraud claim by Bey and **denies as moot** Defendants' Rule 12(b)(6) Motion to Dismiss Bey's other claims.

I.  **Background**

The pertinent facts of this case and applicable legal standards are set forth in the court's April 23, 2013 memorandum opinion and order (Doc. 20). As noted in that opinion, Bey asserts claims against PEF for wrongful debt collection, wrongful or fraudulent foreclosure and eviction, fraudulent concealment or misrepresentations in connection with the foreclosure of a federal mortgage, alleged

**Memorandum Opinion and Order – Page 2**

violations of the "Helping Families Save Their Homes Act of 2009," and specifically Title VII of such Act known as the "Protecting Tenants at Foreclosure Act of 2009," unspecified alleged violations of civil rights and equal protection rights under 42 U.S.C. § 1983, and alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1981. Bey also appears to assert a fraud claim based on his contention that he was not given an opportunity to purchase the property at issue.

## II.     Discussion

### A.     Standing as a Tenant or Prospective Home Buyer

In his pleadings and response to the court's *sua sponte* motion to dismiss, Bey acknowledges that he was a "tenant," not the homeowner, of the property at issue, who wanted to be given an opportunity to purchase the property.[2] Bey also contends in his response, with regard to all of his claims, that PEF is not the lawful owner of the property and failed to provide proof in response to Bey's request of its status as the lawful or bonafide owner of the property.

His contention in this regard is akin to the "show-me-the-note" theory. As explained in this court's opinion in *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721 (N.D. Tex. May 21, 2012), *aff'd*, 2013 WL 657676 (5th Cir. 2013), this theory has been rejected by district courts in this circuit applying Texas law. *Id.* at *5. More importantly, for the reasons explained in the court's April 23, 2013 memorandum opinion and order, Bey:

> lacks standing as a mere tenant and nonowner to assert any claim to contest the foreclosure, sale, or assignment of the property, or to assert fraud claims based on PEF's alleged failure to respond to his demands for proof of ownership in the property. For the same reason, Bey lacks standing to contest his eviction from the property on the grounds that PEF is not the true owner of the property . . . .

---

[2] Bey uses the term "tenant/homebuyers" in his responsive brief. Pl.'s Resp. 1-2.

**Memorandum Opinion and Order – Page 3**

Mem. Op. and Order 5. Bey's reference to himself as a prospective "homebuyer[]" and his contention that he wanted the opportunity to purchase the property does not give him standing to demand that PEF provide proof of ownership of the property. For the same reason, Bey's status as a tenant and prospective buyer does not give him standing to assert fraud, debt collection, and constitutional claims based on his contentions that PEF: does not own the title to the property, misrepresented its status as owner; is not the lawful owner for purposes of collecting rent payments; and has failed to provide proof that it is the owner in response to his requests for information.

Moreover, as noted in the court's prior opinion, the "Protecting Tenants at Foreclosure Act of 2009" does not create a private right of action. *See, e.g.*, *Taylor v. Ocwen Loan Servicing, LLC*, No. 2:12-CV-107-SA-JMV, 2013 WL 494076, at *4 (N.D. Miss. Feb. 7, 2013); *Smith v. Bank of America, N.A.*, No. 2:11-CV-120-MPM-JMV, 2012 WL 4320845, at *9 (N.D. Miss. Sept. 20, 2012); *Patriot Bank v. Monroe*, No. 4:11-CV-626, 2011 WL 5105755, at *1 (E.D. Tex. Oct. 27, 2011) (citing *Wells Fargo Bank v. Lapeen*, No. 11-01932-LB, 2011 WL 2194117 (N.D. Cal. June 6, 2011)). Thus, Bey has failed to state a claim upon which relief can be granted under the "Protecting Tenants at Foreclosure Act of 2009."

Accordingly, the court will *sua sponte* dismiss with prejudice, pursuant to Rule 12(b)(6), the following claims by Bey for lack of prudential standing: wrongful debt collection, wrongful or fraudulent foreclosure and eviction, fraudulent concealment or misrepresentations in connection with the foreclosure of a federal mortgage, unspecified alleged violations of civil rights and equal protection rights under 42 U.S.C. § 1983, and alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1981. For the reason

explained, the court will also dismiss Bey's claim under the "Protecting Tenants at Foreclosure Act of 2009."

### B. Fraud Claim Based on Failure to Provide Opportunity to Purchase Property

As noted in the court's prior opinion, it appears from Bey's pleadings that he intended to allege a fraud claim, based on his contention that he was not given an opportunity to purchase the property at issue. As to this claim, the court previously explained that Bey had not alleged that PEF, rather than the prior owner, was the entity that made such a representation or that he detrimentally relied on such a representation.[3] The court therefore concluded that Bey failed to state a fraud claim under Texas law and lacked standing to assert any such claim, as there is no causal link necessary for standing between the alleged representation or promise and PEF's actions, and any alleged injury suffered by Bey is not traceable to PEF.

In his response to the court's *sua sponte* motion, Bey clarifies that PEF, not the prior owner, was the one that gave or said it would give him an opportunity to purchase the property. Bey also appears to contend that he paid, and PEF collected from him, rental payments for the property with "the understanding that a purchase was going to follow soon." Pl.'s Resp. 2. In addition, he asserts that "there has been a willingness to Fraud, mislead, misrepresent, and **TAKE** money where there was absolutely no claim presented." *Id.* at 4 (emphasis in original). From this, it appears Bey contends that he was making rental payments in reliance on PEF's alleged promise and the understanding that he would be given an opportunity to purchase the property. The court determines

---

[3] The elements of fraud under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

**Memorandum Opinion and Order – Page 5**

that these statements by Bey are sufficient at this juncture to establish that he has standing to sue PEF for fraud on this basis and satisfy the requirement that a plaintiff must plead facts that, which if proven, would establish detrimental reliance as required by Texas law.

As Defendant correctly notes in its motion to dismiss, however, Bey's allegations with regard to his fraudulent misrepresentation claim are insufficient to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("[W]ith respect to the fraud and fraudulent inducement claims, Fed. R. Civ. P. 9(b) requires that Appellant state with particularity the circumstances constituting the fraud. Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.") (internal quotations and citations omitted). Instead of addressing PEF's contentions that his pleadings fail to satisfy Rule 9(b), Bey contends with regard to Rule 9(b) that PEF and its counsel failed to respond to his request for proof of ownership of the property. As already explained, claims based on the "show-me-the-note" theory are not legally viable under Texas law; however, in light of Bey's *pro se* status and because he has not previously amended his pleadings, the court will permit him to file an amended complaint as to this fraud claim that satisfies Rule 9(b) and states with particularity the circumstances constituting the alleged fraud. The court will therefore deny without prejudice Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 16) as to Bey's fraud claim that is based on the contention that he was not given an opportunity to purchase the property at issue. Having determined that Bey's other claims should be dismissed, Defendants' Rule 12(b)(6) Motion to Dismiss Bey's other claims is moot and will be denied as moot.

**Memorandum Opinion and Order – Page 6**

### III.     Conclusion

For the reasons herein explained, the court, pursuant to Federal Rules of Civil Procedure 12(b)(6), **grants in part and denies in part** the court's April 23, 2013 *sua sponte* motion to dismiss (Doc. 20). The court's motion is **granted** as to following claims by Bey for lack of prudential standing: wrongful debt collection, wrongful or fraudulent foreclosure and eviction, fraudulent concealment or misrepresentations in connection with the foreclosure of a federal mortgage, unspecified alleged violations of civil rights and equal protection rights under 42 U.S.C. § 1983, and alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1981. Because the "Protecting Tenants at Foreclosure Act of 2009" does not create a private right of action, Bey's claim based on alleged violations of this statute also fails as a matter of law. Accordingly, the aforementioned claims are **dismissed with prejudice**. The court's motion is **denied** as to Bey's only remaining claim for fraud, which is based on his contention that he was not given an opportunity to purchase the property at issue in accordance with PEF's alleged representation that he would be given such an opportunity.

Although Bey's remaining fraud claim survives the court's *sua sponte* motion for dismissal under Rules 12(b)(1) and 12(b)(6), the court determines that this claim fails because it is not adequately pleaded. Even taking Bey's pleadings and the matters asserted in his response (Doc. 21) as true, Defendant is correct that Bey has failed to state a claim upon which relief can be granted for fraud on this ground because his pleadings as to this claim do not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. The court will nevertheless permit Bey to file an amended pleading as to this claim that states with particularity the circumstances constituting the alleged fraud and satisfies Rule 9(b). The court therefore **denies without prejudice** Defendants'

Rule 12(b)(6) Motion to Dismiss (Doc. 16) Bey's fraud claim that is based on the contention that he was not given an opportunity to purchase the property at issue and **denies as moot** Defendants' Rule 12(b)(6) Motion to Dismiss Bey's other claims.

The court **directs** Bey to file an amended complaint that addresses the deficiencies noted in this opinion by **June 14, 2013.** Any amended complaint filed by Bey **must not** include allegations, theories, or claims dismissed or determined by the court to be legally unviable. Failure to file an amended complaint by **June 14, 2013**, will result in dismissal of Bey's fraud claim, and this action will be dismissed with prejudice pursuant to Rule 12(b)(6).

**It is so ordered** this 15th day of May, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge